# Exhibit A

```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA
                        Alexandria Division


UNITED STATES OF AMERICA,    )
                             )
     Plaintiff,              )
                             ) Criminal No. 01-455-A
v.                           )
                             )
ZACARIAS MOUSSAOUI,          )
                             )
     Defendant.              )
```

ORDER

Before the Court is the Motion of U.S. Representative Curt Weldon to Quash Subpoena (Docket #1584), in which Representative Weldon objects to being called to give testimony about or provide documents collected during his investigation of the government's "Able Danger" program.  The government has filed a related Motion In Limine to Exclude the Testimony of Proposed Defense Witnesses Related to the Able Danger Program (Docket #1619) ("Motion to Exclude"), in which it seeks a ruling preventing the defense from calling three witnesses with personal knowledge of the "Able Danger" program.[1]

On January 23, 2006, a trial subpoena was issued to

---

[1] The government's Motion to Exclude was filed under seal, because it reveals the names of potential defense witnesses. Because the Motion to Quash was not filed under seal, without objection from the defense, it is clearly a matter of public knowledge that the defense may wish to call witnesses knowledgeable about the "Able Danger" program.  Therefore, the Court will address both motions in this unsealed Order.

Representative Weldon commanding him to appear at this court on March 6, and to bring any documents in his possession referring or relating to the "Able Danger" program, or to any of the September 11 hijackers. Representative Weldon objects to the subpoena on the grounds that as a member of Congress, his privilege under the Speech and Debate Clause of the United States Constitution immunizes him from being compelled to give testimony or provide documents in this case.[2] Representative Weldon also states that he is no longer in possession of the chart that the defense seeks.[3] The defendant objects to the Motion to Quash arguing that by discussing his knowledge of the "Able Danger" program in public, non-legislative fora such as The Oprah Winfrey Show, Representative Weldon has waived any privilege he may have had.

The Speech and Debate Clause provides a very strong protection to members of Congress against being questioned about activities that are "within the sphere of legitimate legislative activity." Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 501 (1975). If the court finds that the activities at issue are

---

[2] The Speech and Debate Clause provides that "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place." U.S. Const. art. I, § 6, cl.1.

[3] Although the subpoena is more broadly written, the defense has expressed a particular interest in a chart referenced by Representative Weldon in his book, Countdown to Terror, and described in various newspaper articles.

within the sphere of legitimate legislative activity, then "the prohibitions of the Speech or Debate Clause are absolute" and the representative may not be questioned about them, other than by the Congress itself.  Id.  Legitimate legislative activity has been defined by the Supreme Court as matters that are "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House." Gravel v. United States, 408 U.S. 606, 625 (1972).  Much, if not all, of the information responsive to the subpoena can be expected to have come from Representative Weldon's legitimate legislative activity of investigating a project that is clearly a proper subject for Congressional legislation.

It is also clear that Representative Weldon's public discussion of his "Able Danger" investigation is not sufficient to waive the privilege of the Speech and Debate Clause in the context of this subpoena.  The Supreme Court has held that any such waiver "can be found only after explicit and unequivocal renunciation of the protection." United States v. Helstoski, 442 U.S. 477, 491 (1979).  Representative Weldon's public statements about the "Able Danger" program never referenced, let alone renounced, the Representative's privilege under the Speech and

3

Debate Clause.  Based on these considerations, the Court does not find that the privilege has been waived.  Accordingly, the subpoena will be quashed.

This decision will not prejudice the defendant because clearly Representative Weldon possesses no first hand knowledge of the government's "Able Danger" program.  Anything he knows about the program either came from witnesses with more direct knowledge or the document which he no longer possesses.  That document can certainly be subpoenaed from Stephen Hadley, the person to whom Representative Weldon says he gave the document.  Moreover, as demonstrated by the government's Motion to Exclude, the defense has also subpoenaed three witnesses with first-hand knowledge of the "Able Danger" program.  These persons can provide much, if not all, of the information that the defense could expect to obtain from Representative Weldon.

In its Motion to Exclude, the government argues that the entire "Able Danger" issue is not relevant to this case, and, even if relevant, allowing the defense to raise this issue will cause substantial delay and confuse the jury.  The government also forcefully argues that no chart linking Mohammed Atta to Al Qaeda ever emerged from the "Able Danger" program, a contention disputed by the potential witnesses.[4]  What knowledge the

---

[4]This contention is also disputed by Representative Weldon, who has stated in press reports that he viewed such a chart.  <u>See</u> Deft's Opp. To Rep. Curt Weldon's Mot. to Quash Subpoena.

4

government possessed before September 11 regarding members of Al Qaeda, and specifically links between Al Qaeda and the eventual hijackers, is a key issue in dispute in this death penalty trial. Accordingly, the Court finds that the information to be elicited from the three "Able Danger" witnesses is sufficiently relevant to the case, and that its relevance is not outweighed by considerations of confusion and waste of time.  Therefore, the government's Motion to Exclude is DENIED.  Accordingly, it is hereby

ORDERED that the Motion of U.S. Representative Curt Weldon to Quash Subpoena be and is GRANTED, and the subpoena is hereby QUASHED, and it is further

ORDERED that the government's Motion to Exclude be and is DENIED.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 2nd day of March, 2006.

/s/

Leonie M. Brinkema
United States District Judge

Alexandria, Virginia